```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION
```

PEOPLE'S CAPITAL AND LEASING    §
CORP.,                          §
                                §
         Plaintiff-             §
         counterdefendant,      §
                                §  Civil Action No. 3:08-CV-1026-D
VS.                             §
                                §
CIPRIANO MUNOZ,                 §
                                §
         Defendant-             §
         counterplaintiff.      §

## MEMORANDUM OPINION AND ORDER

In its November 30, 2009 memorandum opinion and order, the court granted summary judgment in favor of plaintiff-counterdefendant People's Capital and Leasing Corp. ("PCLC") and held that PCLC is entitled to recover reasonable attorney's fees from defendant-counterplaintiff Cipriano Munoz ("Munoz"). *See People's Capital & Leasing Corp. v. Munoz*, 2009 WL 4251111, at *6-*7 (N.D. Tex. Nov. 30, 2009) (Fitzwater, C.J.) ("*PCLC I*"). PCLC now moves for an award of $141,991.00 in attorney's fees. The court grants PCLC's motion.

                                I

In *PCLC I* the court held that PCLC is entitled to recover attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008). On December 14, 2009 PCLC filed its motion for award of attorney's fees, attaching an appendix that contained an affidavit from a partner at the law firm engaged by PCLC and

attorney invoices as evidence of its claim. Munoz filed a response objecting to PCLC's motion because PCLC's attorney invoices were heavily redacted. Munoz argued he could not effectively review or evaluate them to determine if the fee request was reasonable. Munoz particularly objected to the approximately $40,000 increase in fees since PCLC made its initial attorney's fees request in its July 13, 2009 motion for summary judgment. PCLC replied, maintaining that the redactions were necessary under the attorney-client privilege and work product doctrine.

In a February 19, 2010 order, the court directed that PCLC file under seal and *ex parte* an amended appendix that contained unredacted versions of the attorney invoices. PCLC timely submitted unredacted invoices, and the court conducted *in camera* review. In a March 10, 2010 order, the court determined that PCLC had over-redacted the invoices filed with its December 14, 2009 motion. The court ordered PCLC to submit a supplemental appendix in which PCLC only redacted information that is actually protected from disclosure by the attorney-client privilege and/or the work product doctrine. In addition, the court granted Munoz leave to file a supplemental opposition brief within 21 days of the date PCLC's supplemental appendix was served and filed. Although PCLC filed the supplemental appendix, Munoz has not filed a response.

II

Because the court already concluded in *PCLC I* that PCLC is entitled to recover attorney's fees from Munoz, the only issue to be decided is the amount of the fee award. PCLC has submitted evidence through attorney affidavit testimony and supporting invoices that prove that its attorneys have billed it fees in the total amount of $141,991.00, but the court must still decide whether such fees are reasonable and recoverable from Munoz.

"It is presumed that the usual and customary attorney's fees . . . are reasonable." Tex. Civ. Prac. & Rem. Code Ann. § 38.003 (Vernon 2008). "What constitutes reasonable attorney's fees is a question of fact, but clear, direct, uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted the evidence." *Collins v. Guinn*, 102 S.W.3d 825, 836 (Tex. App. 2003, pet. denied) (quoting *Merchandise Ctr., Inc. v. WNS, Inc.*, 85 S.W.3d 389, 397 (Tex. App. 2002, no pet.)) (holding that attorney's uncontroverted affidavit supporting attorney's fees request established amount of attorney's fees as a matter of law).

PCLC's request is based on 470.3 hours of work. The total of 470.3 hours accounts for 103.1 hours of partner time, 318 hours of associate time, and 49.2 hours of paralegal time. This work was undertaken during a period of almost two years: since PCLC engaged its attorneys in May 2008. After reviewing PCLC's uncontroverted

affidavit and billing records, the court finds and concludes that PCLC has proved as a matter of law that it is entitled to recover the sum of $141,991.00 from Munoz in reasonable attorney's fees. Munoz has filed no response suggesting any irregularities in the entries in the supplemental appendix, has not questioned any aspect of the supplemental submission that the court required, and has not submitted any evidence to controvert PCLC's requested fee award. Because PCLC's evidence establishes the reasonableness of the fee request as a matter of law, PCLC is entitled to recover attorney's fees in the sum of $141,991.00.

* * *

Accordingly, the court grants PCLC's December 14, 2009 motion for attorney's fees and orders Munoz to pay PCLC's attorney's fees in the amount of $141,991.00.

**SO ORDERED.**

April 28, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE